OPINION OF THE COURT
Ira Gammerman, J.
This action seeking damages for wrongful death was instituted on July 24, 1986, six days before the applicability of CPLR article 50-B. It was tried, however, in July 1990. Pursu *284 ant to section 20 of Laws of 1988 (ch 184), CPLR 4111 (f) was made applicable to all actions in which a trial has not been commenced as of August 1, 1988, irrespective of whether or not that action was covered by either article 50-A or 50-B. Thus in a substantial number of actions, medical malpractice actions commenced before July 1, 1985 and other personal injury or death actions commenced before July 30, 1986, but tried after August 1, 1988, damages for future economic losses were not to be reduced to present value either by the jury or the court after verdict.
The Legislature, although aware of its error in 1988, has not as yet taken the necessary action to provide that the last sentence of CPLR 4111 (f) ("In computing said damages the jury shall be instructed to award the full amount of future damages, as calculated, without reduction to present value”) is applicable only to those actions covered by either article 50-A or 50-B.
The court then is faced with a dilemma. If the jury is charged pursuant to CPLR 4111 (f) and defense counsel precluded, therefore, from discussing present value either during cross-examination of plaintiffs economist or on summation, plaintiff may very well receive a substantial and unintended windfall. If the court refuses to charge that future damages are not to be reduced to present value and permits cross-examination of plaintiffs expert witness with respect to the discount rate and the earning power of money, the clear language of CPLR 4111 (f) is violated.
The solution to the dilemma lies in the power of the Trial Judge to deal appropriately with excessive verdicts. If the jury award, either because of the applicability of CPLR 4111 (f) or for any other reason is excessive, proper reduction can be made.
In this regard, plaintiff offered testimony from an economist with respect to various aspects of her pecuniary losses including her husband’s potential future earnings, the value of the household services he would be expected to provide, his potential retirement pension and Social Security payments and finally the loss of Social Security benefits after his death had he lived his normal life expectancy and had she survived him for her normal life expectancy. In projecting these losses the economist not only did not reduce the future losses to present value but calculated the losses using a 6% annual inflation *285 factor. Thus, for example, he calculated plaintiff’s loss of Social Security benefits for the 10-year period from 2009 to 2019 at $522,318. The jury accepted the economist’s projections and awarded the amounts he testified to making only an arithmetical error of $300 (in defendant’s favor) in computing the loss of future Social Security benefits.
The awards for future pecuniary loss, inasmuch as they were not reduced to present value, are clearly excessive. To determine the appropriate awards all the court need do is to reduce those awards to their present value. In doing so a discount rate of 7.5% is used. This produces a much fairer result than the use of a 7.5% discount rate in structuring a judgment pursuant to article 50-A or 50-B. It is generally agreed among economists that the net discount rate (the difference between the discount rate and the inflation rate) varies between 1% and 2%. Indeed, the Federal courts appear to have adopted a net discount rate of 2% in determining damages for future loss of earnings. (Doca v Marina Mercante Nicaragüense, 634 F2d 30 [2d Cir 1980].) Using 7.5% as the discount rate in articles 50-A and 50-B cases results in a net discount rate of approximately 3.5%, a rate which most economists would regard as too high. Using 7.5% as the discount rate in the instant case produces a net discount rate of approximately 1.5% inasmuch as in computing future losses the economist utilized a 6% annual rate of increase.
The present values of the future losses (after deduction for collateral sources) are as follows:
[[Image here]]
Thus, the total to which plaintiff is entitled for past and future economic loss is $535,320, $157,227 for past and $378,093 for future losses.
[Portions of opinion omitted for purposes of publication.]