■ GENE TORMEY, Appellant-Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Respondents-Appellants.—Judgment, Supreme Court, New York County (Shirley Fingerhood, J.), entered February 25, 1991, which, *inter alia,* after a jury trial, apportioned liability 24% to plaintiff, 36% to defendant Consolidated Edison Company and 40% to defendant Tree Preservation Co., awarded plaintiff damages of $1,083,391 after adjustments for comparative negligence and the present value of future damages, and awarded defendant Con Edison indemnification against defendant Tree Preservation in the amount of $513,185.04, unanimously modified, on the law and facts, to the extent of remanding for a new trial on the issues of future medical expenses and past and future lost earnings unless plaintiff stipulates to a reduction of such elements of damages to $125,000, $47,500 and $544,000, respectively, which amounts are then to be reduced

by the percentage of liability attributable to plaintiff with a further reduction to present value for the two elements representing future damages, and the entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.

Plaintiff was injured during a rainstorm, when he came into contact with a downed live high voltage electrical cable owned by defendant Con Edison. The jury determined, *inter alia,* that Con Edison' and defendant Tree Preservation Co., which was hired by Con Edison to trim tree growth around the wire, were jointly and severally liable for not properly trimming and inspecting the tree that caused the wire to fall. Upon review of the record, we find sufficient evidence to support a prima facie case of negligence as against both defendants, as well as the jury's finding of comparative negligence *(see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507). Nor is the verdict against the weight of the evidence *(Cohen v Hallmark Cards,* 45 NY2d 493). However, the jury's awards of $145,000 for past lost earnings covering a 7½-year period, $1,000,000 for future lost earnings for a 36-year period, and $250,000 for future medical expenses deviate materially from what would be reasonable compensation (CPLR 5501 [c]). Accordingly, we direct a new trial as to these elements of damage unless plaintiff stipulates to a reduction of the verdict as above indicated. There is no merit to plaintiff's contention that the trial court lacked authority to reduce the award of future damages to present value *(see, Escobar v Seatrain Lines,* 175 AD2d 741; *see also, Hudson v Manhattan & Bronx Surface Tr. Operating Auth.,* 150 Misc 2d 283). We have considered the remaining contentions and find them to be without merit. Concur—Carro, J. P., Kupferman, Asch and Smith, JJ.